# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DUSHUN C. SANDERS,

        Plaintiff,

v.

CO ARIE, CO AULT, CO BOUSE, LT. WEYCKER, LT. WICKMAN, SGT. KELLER, CAPT. VAN LANEN, DEPUTY WARDEN, MS. HAESE, JOHN KIND, CO HURST, CO KOLLMANN, and NURSE BLAIR,

        Defendants.

Case No. 20-CV-139-JPS

**ORDER**

    Plaintiff Dushun C. Sanders, a prisoner proceeding in this matter *pro se*, filed a complaint alleging that Defendants violated his constitutional rights. (Docket #1). This matter comes before the court on Plaintiff's petition to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket #2). Plaintiff has been assessed and has paid an initial partial filing fee of $1.42. 28 U.S.C. § 1915(b). Additionally, Plaintiff filed a motion to appoint counsel. (Docket #3).

    The court is obliged to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. Section 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

Plaintiff is incarcerated at Green Bay Correctional Institution ("GBCI") and Defendants are staff at the prison. (Docket #1). Plaintiff alleges that when he was placed in the restrictive housing unit on November 5, 2019, he was placed in a cell that had a security foam mattress and not a normal mattress. (*Id.* at 2). Plaintiff alleges that the security foam mattress was unsanitary and had dirt spots. (*Id.*) On November 6, 2019, Plaintiff asked three different officers throughout the day if he could have a regular mattress in his cell. (*Id.*) Two of the officers stated that they would get Plaintiff a regular mattress, but no mattress was obtained that day. (*Id.* at 2–3). On November 7, 2019, Plaintiff asked several officers during the day

about obtaining a regular mattress, and that evening he was provided a regular mattress. (*Id.* at 3). Plaintiff seeks to proceed against Defendants on an Eighth Amendment conditions of confinement claim.

To make an Eighth Amendment claim based on prison conditions, an inmate must show that he has suffered an objectively, sufficiently serious injury, and that prison officials inflicted the injury with deliberate indifference. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). An objectively, sufficiently serious injury is one that denies the inmate "the minimal civilized measure of life's necessities." *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981). Only extreme deprivations will support an Eighth Amendment claim. *Delaney v. DeTella,* 256 F.3d 679, 683 (7th Cir. 2001). Prison officials are deliberately indifferent to deprivations suffered by inmates if they have knowledge of the condition but refuse to take steps to correct it. *Dixon v. Godinez,* 114 F.3d 640, 645 (7th Cir. 1997). Prisoners have a right to certain necessities of life such as "adequate food, clothing, shelter, and medical care." *Farmer*, 511 U.S. at 832. The length of time the prisoner is subject to a condition is also an important factor for a court to consider when analyzing the conditions of confinement. *Hutto v. Finney*, 437 U.S. 678, 686–87 (1978).

Plaintiff's allegation that he had to use a security foam mattress instead of a normal mattress for two nights is insufficient to state a claim for an Eighth Amendment conditions of confinement claim. While Plaintiff's experience may have been unpleasant, it is not of sufficient severity to implicate constitutional concerns. Plaintiff using a security foam mattress for two nights is not an objectively sufficiently serious injury to constitute the unnecessary and wanton infliction of pain that violates the Eighth Amendment. Further, using a security foam mattress for two nights does not deprive Plaintiff of the minimal civilized measure of life's

necessities. In sum, assuming the truth of all allegations in Plaintiff's pleading, he cannot succeed in proving that Defendants violated his Eighth Amendment rights. His complaint will be dismissed with prejudice for failure to state a claim. His motion to appoint counsel will be denied as moot.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (Docket #3) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that this action be and same is hereby **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim;

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $348.58 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution; and

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where plaintiff is confined.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 28th day of August, 2020.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Page 6 of 6
Case 2:20-cv-00139-JPS   Filed 08/28/20   Page 6 of 6   Document 15